[No. C.D. 3732.   En Banc.   March 12, 1964.]

*In the Matter of the Disciplinary Proceedings Against*
Joseph L. McDole, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

Hill, J.—Joseph L. McDole was admitted to the practice of law in this state on February 26, 1951.

As seems to be regarded as necessary in these cases, we set forth the specific derelictions in the two cases on which the disciplinary proceedings were based.

In one instance, though his client had a meritorious defense as to part of the damages claimed against him in a civil suit, Mr. McDole made no appearance and did not communicate with the attorney for the plaintiff until after a default had been entered and a judgment for $1,266.75 entered.

After the client had received a letter demanding payment of the judgment, he took the letter to Mr. McDole who prepared a motion to vacate the judgment and prepared a supporting affidavit by the client. Mr. McDole did not serve or file the motion to vacate the judgment.

Some time, later, a garnishment was served on the client's employer; and the client's wages in the sum of $221.60 (then due him) were later paid into court and disbursed to the

*Reported in 390 P. (2d) 9.

attorneys for the plaintiff. As a result of the garnishment, the client was discharged by his employer.

At the time the garnishment was served, the client placed a copy of it in Mr. McDole's mailbox and requested Mr. McDole to contact him. The client never heard from Mr. McDole.

The client later employed other counsel; secured a vacation of the judgment, and a judgment was thereafter entered against him for $267 (a thousand dollars less than the original judgment).

The second complaint involved a misappropriation of $250. A judgment had been entered against a man and a woman for $767.86. The judgment creditor had erroneously assumed that the man and the woman were married and served her only. The service had been at her residence, which was not the man's residence.

The man retained Mr. McDole to represent him. Mr. McDole prepared a motion to set aside the judgment, together with a supporting affidavit. These were served and filed. While waiting at the courthouse for a hearing on the motion, the judgment creditor's attorney and Mr. McDole arrived at a tentative settlement. Mr. McDole's client was to pay $250 in cash, or $300 in monthly installments of $30.

Thereafter, Mr. McDole received from his client $250 in cash (March 8, 1962) to take up the settlement option, and thereafter used it for the payment of his personal bills. At that time, Mr. and Mrs. McDole had $402.25 in a savings account subject to withdrawal by either of them. As late as March 23, 1962, when Mr. McDole withdrew $300 from the savings account for personal purposes, he had money with which to make the $250 payment for his client, but never did so.

The judgment creditor's attorney, after waiting until April 26, 1962, and being unable to contact Mr. McDole, wrote to him enclosing a citation to bring on for hearing on May 4 the motion to vacate the judgment.

Mr. McDole, not appearing on May 4, the motion to vacate was denied and the judgment creditor's attorney then wrote to the client asking that the judgment be paid.

The client located Mr. McDole and, on two different occasions, was given assurances by him that the $250 would be paid to the attorney for the judgment creditor. The promises were not kept, and the client thereafter worked out his own settlement with that attorney, agreeing to pay $300 in $30 monthly installments.

Not until October 29, 1962, the evening before Mr. McDole's disciplinary hearing, did Mr. McDole attempt to reimburse his client by giving him a promissory note for $300 ($250 received by Mr. McDole for the settlement and $50 being the fee he had received from his client) payable at $30 a month.

On the first complaint, the trial panel recommended a reprimand. On the second complaint, two members of the panel recommended a 1-year suspension, the other member recommended disbarment, stating:

" . . . I believe that the course of conduct followed by him in this instance demonstrates not merely dishonest conduct but complete amorality. . . ."

This member of the trial panel pointed out further that even when able to make restitution, Mr. McDole "evidently felt no responsibility or compulsion so to do."

The Board of Governors recommended disbarment (one member who dissented, recommended a 1-year suspension).

■ We adopt the recommendation of the Board of Governors that Mr. McDole be disbarred, the record being quite devoid of any impelling reason for not conforming thereto. The record, on the two complaints, demonstrates a complete lack of any comprehension or appreciation of the duties and responsibilities devolving on a member of the legal profession in his relationship with his clients.

It is ordered that Joseph L. McDole be, and he is hereby permanently disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys.

ALL CONCUR.