[No. C.D. 4331.     En Banc.     December 24, 1964.]

*In the Matter of the Disciplinary Proceedings Against* WILLIAM H. MARSH, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

ROSELLINI, J.—By direction of the Board of Governors of the Washington State Bar Association, a formal complaint was filed April 3, 1963, as to William H. Marsh, an attorney at law, living and practicing in Seattle. Mr. Marsh did not file a written answer to the formal complaint.

After a hearing was held before a panel, the Board of Governors reviewed the record, approved the findings of fact, conclusions and recommendation of the hearing panel, and adopted them as its own. The board recommended that the respondent be disbarred. The matter comes before this court for disposition. No brief has been filed in behalf of the respondent.

*Reported in 397 P. (2d) 828.

The items of complaint found to be sustained by the evidence are:

1. Mr. Marsh failed to complete the incorporation of a company for Mr. and Mrs. Conrad Feickert, after receiving full payment for his services and the costs, and he failed to return to them valuable papers they had entrusted to him, and he failed for about 11 months to deliver a check payable to them which he had collected.

2. Mr. Marsh failed to respond to requests made by an attorney employed by Mr. and Mrs. Feickert for the return of their papers and ignored a similar request made by the King County Local Administrative Committee.

3. Mr. Marsh failed to pay a title insurance premium of $86.58, although his clients, Mr. and Mrs. Badenius, had given him the money with which to pay it.

4. After receiving $65 from his client, Paul J. Wallace, to be sent to Mrs. Wallace as her support money, Mr. Marsh used the money and sent his check to Mrs. Wallace's counsel. The check was not paid because of insufficient funds, and Mr. Marsh did not redeem the check.

5. Mr. Marsh received $200 from Robert P. Sykes, $100 of it for his attorney's fee and $100 to pay to a prosecuting witness on a larceny charge. Mr. Marsh kept the $200, but did not appear at Mr. Sykes' trial.

6. Mr. Marsh received $250 from Mrs. Phillip Bowhay, $100 of it to be his fee for representing Mr. Bowhay on a traffic charge, and $150 to pay the expected fine. The fine was $100, imposed October 11, 1962. Mr. Marsh did not pay the fine nor return the $50 balance to the Bowhays until November 5th.

7. Mr. Marsh received two reprimands: One, on January 9, 1959, was administered because he had been inexcusably dilatory and negligent in handling a divorce suit. The second reprimand, on December 2, 1960, was also for neglect of a divorce suit, and also because he failed to return papers to a client confined at McNeil Island penitentiary, and ignored continuing requests for their return.

It was the conclusion of the panel, concurred in by the board, that the respondent had violated Canons of Pro-

fessional Ethics 11 and 29, and Rule 1 M, Rules for Discipline of Attorneys. We sustain that conclusion, finding that he violated Canon 11 in his handling of trust property; he violated Canon 29 by failing to uphold the honor and dignity of the profession of law; and he violated Rule 1 M in demonstrating unfitness to practice law.

This case is quite similar to that of *In re McDole*, 63 Wn. (2d) 962, 390 P. (2d) 9, and the language which this court used in describing the defendant in that case is appropriate here. After stating that the record revealed no compelling reason for not conforming to the recommendation of the board that the attorney be disbarred, we said:

". . . The record . . . demonstrates a complete lack of any comprehension or appreciation of the duties and responsibilities devolving on a member of the legal profession in his relationship with his clients."

It is ordered that William H. Marsh be, and he hereby is, permanently disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys.

ALL CONCUR.